Filed 11/18/24  P. v. Borruel CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B333319 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.BA480148) |
| v. | |
| FRANK BORRUEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Frank Borruel appeals following a resentencing hearing at which the trial court denied his motion to strike his prior strike convictions pursuant to Penal Code section 1385[1] and *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*). His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal. Borruel has also filed a letter brief asserting possible error. We conclude there are no issues requiring further review and affirm.

## BACKGROUND

An amended information filed November 4, 2019 charged Borruel with murder (§ 187, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and accessory after the fact (§ 32). The information alleged gang (§ 186.22, subds. (b)(1)(A), (C)) and principal use firearm enhancements (§12022.53, subds. (b)-(e)(1))). It further alleged that Borruel had three prior strike convictions (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and three serious felony convictions (§ 667, subd. (a)) and served a prior prison term (§ 667.5, subd. (b)).

On November 27, 2019, a jury acquitted Borruel on the felon in possession charge but found him guilty of second degree murder and accessory after the fact. The jury found the gang and principal use firearm enhancements true. Borruel admitted three prior convictions for assault with a deadly weapon (§ 245, subd. (a)(1)) and related gang allegations (§ 186.22, subd. (b)(1)).

At the sentencing hearing on October 5, 2020, the trial

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

court considered and denied Borruel's motion for new trial based on insufficiency of the evidence and jury misconduct. Regarding the alleged jury misconduct, the court stated that Juror No. 8 had submitted a letter and a declaration alleging that other jurors demonstrated bias in favor of the prosecution and against Borruel, the jury instructions were unclear, and her guilty verdict was "reached by pressure and a misunderstanding of the court's instructions." The court stated Juror No. 8 and other jurors testified in a September 2020 hearing, and the court ultimately found that Juror No. 8's "contentions of misconduct was [*sic*] based upon speculation of what other jurors' mind-set may have been during deliberations and her credibility during her testimony suffered when compared to the testimony of the other two jurors who testified in the proceeding."

The court also considered and denied Borruel's motion to strike the firearm enhancement and the prior strikes, but exercised its discretion to strike the prior prison term enhancements. It sentenced Borruel to an indeterminate term of 70 years to life, consisting of 15 years to life for the murder, tripled to 45 years to life due to the prior strike, plus 25 years to life for the firearm enhancement. The court imposed the midterm of two years on the accessory count, plus a three-year midterm gang enhancement, all stayed pursuant to section 654. The court imposed fines and fees, including a $7,500 victim restitution award. It awarded Borruel a total of 1,758 days of custody credit: 879 days of actual time and 879 days of conduct credit.

Borruel timely appealed. On December 16, 2020, his trial counsel filed a motion for recall of his sentence and resentencing under section 1170, subdivision (d). Borruel's appointed

3

appellate counsel filed a similar motion in January 2021. Additionally, the People moved to dismiss allegations and enhancements pursuant to Special Directives issued by the Los Angeles District Attorney. The trial court denied all three motions after a hearing.

On December 2, 2022, a different panel of this court issued an opinion resolving Borruel's direct appeal, which raised ten issues. Juror misconduct and the denial of the motion for new trial were not among them. (*People v. Borruel* (Dec. 2, 2022, B307987) [nonpub. opn.] (*Borruel II*).) *Borruel II* reversed Borruel's conviction for accessory after the fact, vacated the true findings on the gang and firearm enhancements, and remanded the matter to the trial court for potential retrial on the enhancements and resentencing.

The People declined to retry the enhancements, and they were dismissed by the trial court. Borruel filed a motion pursuant to section 1385 and *Romero* requesting that his prior strike convictions be stricken for purposes of resentencing.[2] The motion asserted 20 bases for striking the prior offenses. Borruel's age at the time of the strike offenses was not among them.

On August 24, 2023, the trial court heard and denied the *Romero* motion. It resentenced Borruel to 15 years to life for the murder, tripled to 45 years to life due to the prior strikes. The court reimposed "all original terms and conditions as originally imposed," including the fines, fees, and custody credits.

Borruel timely appealed. On April 22, 2024, his appointed appellate counsel filed a notice stating that she had filed a motion for recalculation of his custody credits in the trial court pursuant

_____

[2] The record indicates he also filed a petition for resentencing under section 1172.6. That petition is not at issue here.

to section 1237.1.  Counsel subsequently filed a brief under *Wende*, *supra*, 25 Cal.3d 436, identifying no arguable issues and requesting this court conduct an independent review of the record.  We notified Borruel that he had 30 days to file a supplemental brief raising any issues or contentions he wished this court to consider.  He timely filed a six-page letter.

## DISCUSSION

In his letter, Borruel contends the trial court abused its discretion by denying his *Romero* motion.  He asserts the court erred by failing to consider the youthful age at which he committed the strike offenses (20) and the fact that all the strikes "came from one indivisible course of conduct," such that he was "not afforded two previous chances to reform."  He further asserts the trial court erred by denying his motion for new trial.  These contentions are without merit.

A trial court's refusal to dismiss a prior strike conviction is reviewed for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)  A trial court abuses its discretion only when its decision is "so irrational or arbitrary that no reasonable person could agree with it."  (*Id.* at p. 377.)  "'[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.'"  (*Id.* at p. 378.)

The record reflects the trial court was aware of its discretion under *Romero* and considered appropriate factors in making its decision.  Borruel's counsel made no argument about his youth at the time he committed the strike offenses.  To the extent the argument may be preserved here, there was no error.  While youth has been recognized as an important consideration

5

in a *Romero* motion (see *People v. Avila* (2020) 57 Cal.App.5th 1134, 1141-1142), so are many other factors, such as the nature of the current offense, prior convictions, and the defendant's background and character. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

"The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; accord, *People v. Edwards* (2022) 76 Cal.App.5th 523, 529 (*Edwards*).) "Only in an extraordinary case—where the relevant factors manifestly support the striking of a prior conviction and no reasonable minds could differ—would the failure to strike be an abuse of discretion." (*Edwards*, *supra*, 76 Cal.App.5th at p. 529.) This is not such a case. As the trial court noted, the three strikes were for "the same nature of crime." Borruel was thrice convicted of assault with a deadly weapon. Borruel was still on parole for those crimes at the time of the murder in this case, and he had other prior convictions.

Borruel also asserts that his strikes "were based on the same act, committed at the same time," such that the court was required to strike one of them. He relies on *People v. Vargas* (2014) 59 Cal.4th 635, which holds that two convictions based on "the same act, committed at the same time, against the same victim" must be treated as one strike, not two. (*Id.* at pp. 638-639.) His reliance is misplaced. On direct appeal from his conviction for the strike offenses, the appellate court rejected Borruel's contentions that the offenses constituted a single act and were part of a single course of conduct. (See *People v. Borruel* (May 22, 2012, B229181) [nonpub. opn.] ["the two

6

assaults were not part of a single, continuous course of conduct and were properly punished as separate offenses"] (*Borruel I*).)

Finally, Borruel contends the trial court erred by denying his motion for new trial. He asserts "Juror #8 made strong accusations about juror making bias comments," and requests that we "please look into this." During his original appeal, Borruel's counsel asserted ten claims of error. The denial of the motion for new trial and alleged juror misconduct were not among them. (See *Borruel II*, *supra*.) Borruel may not belatedly raise the issue now. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)

We have examined the entire record and are satisfied no arguable issues exist in the appeal before us and that Borruel has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**SIGGINS, J.

We concur:

MORI,  ACTING P.J.                                    ZUKIN, J.

** Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.